UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LFG National Capital, LLC,

                    Plaintiff,

   -v-                                            1:11-CV-1260

Gary, Williams, Finney, Lewis, Watson, and
Sperando P.L.; Willie Gary; and Lorenzo
Williams,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Gary, Williams, Finney, Lewis, Watson, and
Sperando P.L.,

                    Counterclaimant,

   -v-

LFG National Capital, LLC; LawFinance Group,
Inc.; and LFG Servicing, LLC,

                    Counterdefendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

Chadbourne & Parke LLP                  ROBERT A. SCHWINGER, ESQ.
Attorneys for Plaintiff and Counterdefendants    ANDREA L. VOELKER, ESQ.
30 Rockefeller Plaza                         JONATHAN C. CROSS, ESQ.
New York, NY 10112                          SCOTT S. BALBER, ESQ.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.  HARVEY I. SAFERSTEIN, ESQ.
Attorneys for Defendants and Counterclaimant    NADA I. SHAMONKI, ESQ.
2029 Century Park East #1370              SARAH J. ROBERTSON, ESQ.
Los Angeles, CA 90067

Sussman & Watkins, LLP　　　　　　　　　　　　MICHAEL H. SUSSMAN, ESQ.
Attorneys for Defendants and Counterclaimant
55 Main Street, Suite 6
P.O. Box 1005
Goshen, NY 10924

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

　　　Plaintiff LFG National Capital, LLC ("plaintiff" or "LFG National") brought this suit in the Central District of California against the law firm Gary, Williams, Finney, Lewis, Watson, and Sperando P.L.; and individual partners Willie Gary and Lorenzo Williams (collectively "defendants" or "the Gary Firm") alleging breach of contract and breach of guarantees. Plaintiff alleges it is a secured creditor of defendants pursuant to a $13 million secured loan under which defendants have defaulted. Defendants answered plaintiff's complaint and counterclaimed against plaintiff LFG National and LawFinance Group, Inc. and LFG Servicing, LLC.

　　　Currently at issue is defendants' motion to transfer venue to the Central District of California. See Dkt. No. 67. Plaintiff opposed and defendants replied. The motion was considered on its submissions without oral argument.

　　　Also pending are the following motions: (1) defendants' motion to dismiss plaintiff's second claim, Dkt. No. 33; (2) plaintiff's motion to dismiss defendants' counterclaims, Dkt. No. 40; and (3) plaintiff's motion to amend the complaint, Dkt. No. 44.

## II. BACKGROUND

On May 26, 2011, LFG National filed suit in the Central District of California. Dkt. No. 1. On September 30, 2011, plaintiff moved to transfer this case to the Northern District of New York. Dkt. No. 46. Plaintiff argued transfer was appropriate because a substantial share of the funds[1] representing the ultimate subject matter of this dispute have been placed into an escrow account under the authority of the undersigned. LFG National's transfer motion was scheduled for a hearing on November 14, 2011, before Judge Philip S. Gutierrez, United States District Judge for the Central District of California.

On October 21, 2011, in chambers, Judge Gutierrez granted plaintiff's motion to transfer venue to the Northern District of New York. Judge Gutierrez's civil minutes from that proceeding state the following:

> According to Local Rule 7-9, Defendants Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., Willie Gary, and Lorenzo Williams ("Defendants") were required to file and serve an opposition to the motion by October 17, 2011. Defendants have failed to file an opposition. Pursuant to Local Rule 7-12, the Court deems Defendants' failure to file a timely opposition to be consent to the granting of the motion. See L.R. 7-12. Accordingly, the court GRANTS the motion.

See Dkt. No. 60. On October 24, 2011, the case was officially transferred to the Northern District of New York. See Dkt. No. 61.

---

[1] The funds consist of the Gary Firm's right to receive a four-year stream of attorneys' fees and cost payments from a settlement reached in Simpson v. N.Y.S. Department of Civil Service, 1:04-cv-01182. That case was litigated and eventually settled in the Northern District of New York before the undersigned. On April 25, 2011, an order was issued approving the stipulation of settlement and retaining jurisdiction pending distribution of the settlement proceeds. See 1:04-cv-01182, Dkt. No. 125. That order was modified on June 9, 2011, to direct Sussman & Watkins, LLP—the Gary Firm's co-counsel in the Simpson litigation—to deposit the funds received in the Simpson case with the Bank of America in a separate escrow account pending further order. See 1:04-cv-01182, Dkt. No. 132.

On the same day the case was transferred, defendants filed an ex parte application before Judge Gutierrez to transfer the case back to the Central District of California, contending a clerical error was made. Two days later on October 26, 2011, in chambers, Judge Gutierrez denied defendants' ex parte motion. See Decl. of Michael H. Sussman, Ex. 1, Dkt. No. 67-2. Judge Gutierrez's civil minutes from that proceeding acknowledged that "the Court made a clerical error in calculating the due date for Defendants' opposition. The opposition was not due on October 17, 2011, as the Court found, but rather on October 24, 2011." However, Judge Gutierrez concluded that defendants' ex parte transfer motion must be denied because "[w]hen the case was docketed in the Northern District, this Court lost all jurisdiction over the case." Id.

On November 7, 2011, defendants filed the instant motion before the undersigned to transfer the case back to the Central District of California.

## III. DISCUSSION

Defendants request a transfer of venue back to the Central District of California for a resolution on the merits of plaintiff's initial transfer motion.[2] LFG National opposes and argues the undersigned is in the best position to determine the merits of the transfer motion, which revolve around the nexus between plaintiff's claim and the Simpson escrow order. Plaintiff also contends:

> [R]e-transferring this action, already transferred across the
> country once, back to the Central District of California in order for
> that court to potentially re-transfer the case yet again to this Court
> – would result in a bizarre procedure entailing considerable

---

[2] Defendants request this case be transferred back to the Central District of California "without prejudice," with the recognition that this matter may be ultimately re-venued here, after the California Court has the opportunity to decide the transfer issue on the merits.

- 4 -

>       judicial diseconomy and inefficiency, as well as delay and
>       increased costs for the litigants, serving no purpose.

Pls.' Mem. of Law in Opp'n, Dkt. No. 81, 3.  Plaintiff also argues the merits of the transfer motion.

At the outset, it should be noted that plaintiff's concerns regarding cross-country litigation and "judicial diseconomy" are without merit.[3]  This entire case was electronically transferred from California to New York with virtually the click of a button and it can be transferred back with the same efficiency and ease.  Further, the remaining motions in this case—Dkt. Nos. 33, 40, and 44—were filed in the Central District of California and were transferred to this District along with the rest of this case.  Those same motions can be transferred back to California—and, in the event that Judge Gutierrez determines venue is appropriate in the Northern District of New York—can ultimately be made returnable here, likely without even the need to re-file them.  While such back and forth mechanics may seem silly or inefficient, and as plaintiff contends without purpose, transfer is proper.

The most important consideration here is the substantive law for transfer motions. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a) (West 2011).  The burden of demonstrating that the action should be transferred to another District lies with the moving party.  See D.H. Blair & Co., Inc.

---

[3] For example, plaintiff states that the remaining motions have been pending for months and hearings have already been scheduled.  However, those motions are only recently returnable and this decision will not unreasonably delay their resolution.  According to the docket sheet, defendants' motion to dismiss, Dkt. No. 33, was returnable as of August, 22, 2011; plaintiff's motion to dismiss, Dkt. No. 40, was returnable as of September 12, 2011; and plaintiff's motion to amend, Dkt. No. 44, was returnable as of November 14, 2011.  Once venue is decided, the remaining motions can be made returnable as soon as possible since they are fully briefed.

v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006); O'Brien & Gere Eng'rs, Inc. v. Innis Arden Golf Club, No. 5:10-CV-410, 2010 WL 3526207, at *6 (N.D.N.Y. Sept. 3, 2010) (McCurn, S.J.).

In its initial transfer motion, prematurely decided in the Central District of California, plaintiff shouldered the burden to demonstrate that the action should be transferred. Now, through no fault of their own, defendants have been forced to make a transfer motion here in the Northern District of New York. As the movants in the instant motion, they would have the burden to show transfer to California is appropriate should the motion now be decided on the merits. Fairness weighs against requiring defendants to satisfy this burden, when it is properly plaintiff's burden to show why the case should leave California in the first place. Fairness also requires the case be transferred back so that defendants may be given an opportunity to be heard on the motion, which they were deprived of through a clerical error acknowledged by Judge Gutierrez himself. Upon transfer back to the Central District of California, the transfer motion may be decided on its merits—an outcome both parties agree is proper.

Accordingly, defendants' motion to transfer this case to the Central District of California will be granted.

### III. CONCLUSION

Because a clerical error resulted in plaintiff's transfer motion to be granted without an opportunity for defendants to be heard, defendants' current motion to transfer the case back to the Central District of California will be granted.

Therefore, it is

ORDERED that

1. Defendants' motion to transfer this case to the Central District of California for resolution on the merits of plaintiff's original transfer motion is GRANTED; and

2. The Clerk of the Court is directed to transfer this case to the Central District of California.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  November 30, 2011
        Utica, New York.